**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TONY WHEELER,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **NUMARK INDUSTRIES CO., INC.,** ) <br> ) <br> **Defendant.** ) <br> ) | **CIVIL ACTION** <br><br> No. 02-2444-CM |

**MEMORANDUM AND ORDER**

This is a products liability case. Plaintiff's cause of action arises out of an alleged fall from an executive chair on December 7, 2000, which plaintiff claims injured his back. Plaintiff filed his original complaint against FDL, Inc. ("FDL"), on September 17, 2002.[1] Plaintiff filed a first amended complaint on December 6, 2002, adding Numark Industries Co., Inc. as a defendant.[2] Plaintiff alleges that the executive chair from which he fell was defective and unreasonably dangerous, and that defendants were negligent in manufacturing and distributing the chair. This matter comes before the court on plaintiff's Motion for Sanctions and to Strike Pleadings (Doc. 174), plaintiff's Motion to Compel Rule 7 Disclosure (Doc. 223), defendant's Motion to Designate Parties for Comparative Fault Out of Time (part of Doc. 178) and defendant's Second Motion to Designate Parties for Comparative Fault (Doc. 212).

---

[1] The court granted FDL's summary judgment motion and dismissed FDL from the case on October 25, 2004.

[2] Plaintiff did not formally serve defendant with process until August 25, 2004. However, FDL filed a third-party complaint against defendant and served defendant on December 11, 2003.

## I. Background

On April 9, 2004, FDL served interrogatories on defendant. On April 20, 2004, defendant's counsel[3] contacted defendant via letter and requested assistance in responding to FDL's discovery requests. On April 22, 2004, a representative of defendant responded to counsel that the chair at issue was not a product that defendant sold, and she concluded that she did not need to respond to the discovery requests.

On May 20, 2004, FDL sent defendant a golden rule letter requesting defendant's discovery responses. On May 26, 2004, FDL filed a motion to compel defendant's discovery responses. On June 2, 2004, defendant's then counsel withdrew, and new counsel entered an appearance.[4] On June 22, 2004, defendant's new counsel contacted defendant via letter and again requested defendant's assistance in responding to FDL's discovery requests. On June 23, 2004, a representative of defendant again responded that the chair was not its product and that defendant did not need to respond to the discovery. The exchanges between defendant and defendant's counsel continued, and on July 14, 2004, the court granted FDL's motion to compel defendant's discovery responses and ordered defendant to provide the responses by July 23, 2004.

On July 20, 2004, defendant's counsel again requested defendant's assistance in responding to FDL's discovery responses and sent defendant proposed responses that counsel had drafted. Part of those proposed responses stated that defendant manufactured the chair at issue. Defendant's counsel requested that defendant supply additional information. Defendant supplied its counsel with

---

[3] At that point, defendant was represented by Mitchell W. Rice.

[4] Defendant's counsel at that time, and until November 23, 2005, were Anthony M. Singer and Tracy Cole. Since November 23, 2005, defendant has been represented by Richard W. James and Dustin L. DeVaughn.

additional responses on July 21, 2004, and defendant's counsel delivered the formal typed responses to defendant on July 22, 2004, requesting that defendant verify the responses.  On July 23, 2004, defendant returned the signed responses to its counsel; the responses contained additional handwritten corrections from defendant.  Because of the court's July 23, 2004 deadline, defendant's counsel delivered the responses to FDL without re-typing the responses.  Defendant did not change or correct the response to interrogatory number four, which stated:

> Please state whether or not you are the manufacturer of the chair which is the subject matter of the Second Amended Complaint/Third Party Complaint, and if so, please identify:
>
>> a.  The date on which the chair was manufactured
>>
>> b.  The addresses of each factory and/or such other place at which the model of chair has been manufactured since it was invented;
>>
>> c.  Any and all persons or entities who distributed the model of chair; and
>>
>> d.  Any and all persons or entities who sold the model of chair.
>
> Answer:  YES.
>
>> a.  June/July 1997
>>
>> b.  HIMAX Furniture Industry Corp. Ltd.XINSJIE, XIAO SHAN, ZHEJIANGCHINA, POST CODE 311217
>>
>> c.  FDL
>>
>> d.  Unknown.

Defendant answered plaintiff's complaint on September 13, 2004.  In its answer, defendant stated that it did not manufacture the chair at issue.

-3-

The court entered a scheduling order in this case on December 16, 2004.[5] Pursuant to the scheduling order, the parties were to designate parties for comparative fault by January 14, 2005.

On June 1, 2005, plaintiff served defendant with interrogatories and requests for production of documents. Defendant's counsel forwarded the requests to defendant on June 13, 2005. On June 23, 2005, plaintiff served defendant with requests for admissions and noticed the deposition of defendant's corporate representative.

On August 15, 2005, after a couple of extensions of time, defendant served plaintiff with its responses to the interrogatories and requests for admissions. Prior to serving the responses, defendant's counsel confirmed through Virginia Kuan, a representative of defendant, that defendant did not manufacture the chair at issue. When plaintiff's counsel received the answers, he contacted defendant's counsel, who told him that they "recently confirmed that Numark is a trading company, not a manufacturer." Defendant served plaintiff with its responses to plaintiff's requests for production of documents on August 16, 2005. The court held the final pretrial conference in this matter on August 23, 2005. Plaintiff contends that defendant sought, for the first time, to designate another party for purposes of fault on August 23, 2005.

On November 9, 2005, plaintiff took the deposition of Frank Ritchie, a senior engineer for FDL. According to plaintiff, Mr. Ritchie testified that defendant manufactured the model of chair at issue, and that FDL purchased that model of chair from defendant. Plaintiff further contends that Mr. Ritchie testified that he went to defendant's manufacturing plant in China with defendant's president, and saw the chairs being made. Plaintiff contends that Mr. Ritchie's testimony directly rebuts defendant's contention that it never made the model of chair at issue and that it did not manufacture the specific chair at issue in this case. However, plaintiff submitted no deposition transcript to the

---

[5] At that time, plaintiff and defendant were the remaining parties in the case.

-4-

court. Defendant attached portions of Mr. Ritchie's deposition to its response, and contends that Mr. Ritchie testified that, other than his implied understanding, he had no facts to support his statement that defendant owned the manufacturing plant that he toured in China. Defendant further points to the fact that Mr. Ritchie testified that he did not actually see the model of chair that is at issue in this lawsuit being manufactured at the plant he toured, and that he did not know where the model of chair at issue was manufactured.

## II.     Plaintiff's Motion for Sanctions

Plaintiff filed his first motion for sanctions on August 17, 2005. Plaintiff's motion centers on the fact that, on July 23, 2004, defendant admitted to FDL that it was the manufacturer of the chair that is the subject of this case. Then, on August 15, 2005, defendant stated in its discovery responses to plaintiff that it was not the manufacturer of the chair. Plaintiff contends that, at no time has defendant sought to amend the prior interrogatory answer as required by Fed. R. Civ. P. 26(e)(2). Plaintiff also contends that defendant and defendant's counsel did not act in good faith in drafting the pretrial order, gave plaintiff little notice of the change in defendant's position on this issue prior to the pretrial conference, and violated this court's order regarding the due date for discovery responses.

Plaintiff contends that he has been extremely prejudiced by defendant's disclosure, made after the close of discovery, because Kansas' products liability law ("the Kansas Products Liability Act" or "the KPLA") allows for recovery against manufacturers of defective products, which it believed defendant to be. Plaintiff further claims he has been prejudiced because the statute of limitations may have run against Himax Furniture Industry Corporation Ltd. ("Himax"), the entity that defendant claims is the manufacturer of the chair. Plaintiff further claims that he has been prejudiced since FDL, a distributor of the chair at issue, was previously dismissed from this case. Plaintiff contends

-5-

that, in order to escape liability under the KPLA, FDL, was required to prove, and did prove, that defendant was the manufacturer of the product.

Plaintiff has requested that, pursuant to Fed. R. Civ. P. 37, the court sanction defendant for discovery abuses.  With regard to this motion for sanctions, plaintiff has requested that the court: (1) enter a default judgment against defendant on the issue of liability and order this case to proceed to trial on damages only; and (2) award attorneys fees to plaintiff's counsel.  Alternatively, plaintiff requests that the court enter an order that: (1) precludes defendant from denying that it was the manufacturer of the subject chair; (2) bars any attempt by defendant to introduce evidence that it was not the manufacturer of the subject chair; (3) bars any attempt by defendant to deny that it was aware of prior similar incidents involving the same chair model as the subject chair; and (4) award attorneys fees.

**III.    Defendant's Response and Request to Make Comparative Fault Designations**

Defendant contends that its statement to FDL that it manufactured the chair was the result of an incorrect assumption by defendant's counsel at that time that was not based in fact.  Defendant contends that, as soon as it discovered its error in stating that it had manufactured the chair, and once defendant's new counsel had verified defendant's role with regard to the chair, defendant promptly delivered to plaintiff its discovery responses correctly stating defendant's role.  Defendant agrees that the timing of its disclosure did not give plaintiff much notice before the pretrial conference. However, defendant contends that plaintiff was not prejudiced by defendant's disclosure of the error in its previous discovery response because the statute of limitations against Himax had run when

plaintiff added defendant to this lawsuit,[6] and plaintiff had no viable claim against FDL, even if Himax is the manufacturer of the chair.

Defendant further contends that plaintiff was aware of Himax's existence as early as July 23, 2004, when defendant responded to FDL's discovery requests and stated that the chair was manufactured at Himax in China. Defendant points out that it denied being the manufacturer of the chair and raised comparative fault in its answer to plaintiff's complaint, filed September 13, 2004. Plaintiff conducted no further discovery on that issue, and defendant further points out that plaintiff himself served no discovery on defendant until June 2005; in response to that discovery, defendant responded that it was not the manufacturer of the chair.

Defendant contends that the court should not prevent it from denying it was the manufacturer of the chair, because: (1) the first response defendant gave was incorrect, and (2) forcing defendant to be bound by the response would permit plaintiff to unjustly benefit from the response. Defendant has also requested that the court permit it to designate Himax for comparative fault purposes, even though defendant did not make its designation by the date set in the court's scheduling order. Defendant contends that the comparative fault designation is mandated by Kansas substantive law and that its failure to make the designation by the January 14, 2005 deadline set out in the scheduling order constitutes excusable neglect.

## IV.    Analysis

First, the court finds that sanctions pursuant to Fed. R. Civ. P. 37 against defendant are not appropriate in this case. The court finds, under these facts, that defendant's failure to amend a discovery response that it made to FDL, which has not been a party in the case since October 2004,

---

[6] Plaintiff filed his claim against defendant the day before the statute of limitations ran (December 6, 2002). FDL did not serve defendant with discovery until April 9, 2004.

does not constitute a violation of Rule 26 that warrants sanctions against defendant. Moreover, it appears that, as soon as defendant's counsel was able to confirm, to the best of his knowledge, that defendant was not the manufacturer of the chair, defendant submitted its discovery responses with the correct answer to plaintiff.[7] From the record before the court, it also appears that the series of counsel who have represented defendant have encountered numerous difficulties in communicating with defendant's representatives. While the court acknowledges the difficult path that discovery between the parties has taken, the court finds that plaintiff may be just as much at fault for not, on his own, conducting thorough discovery on the identity of the manufacturer of the chair at issue from the outset of the case. Especially after defendant stated, that, even though it was the manufacturer of the chair, the chair actually was manufactured onsite at Himax. Plaintiff apparently conducted no further investigation into this response or Himax's potential role in the case until it took Mr. Ritchie's deposition in November 2005.

Second, in the interests of fairness and equity, the court will not hold defendant to one inaccurate response to an interrogatory that was posed by another party when defendant was a third-party defendant. It is clear from the record before the court that defendant's representatives maintained from the beginning of the discovery process that it did not manufacture the chair. Prior defense counsel's incorrect answer to FDL's written interrogatory appears to have had no basis in fact at the time it was made and should not be binding on defendant when it has become apparent that there is an issue of fact regarding whether defendant or Himax manufactured the chair. Because of the factual issues that have developed surrounding the actual identity of the manufacturer of the chair at issue, the court find that this is an issue that the parties will have to present to the jury for

---

[7] As the court noted above, plaintiff did not propound written discovery on defendant until June 2005; defendant served plaintiff with the discovery responses in August 2005.

determination at trial.  Plaintiff can make his best argument that defendant, and not Himax, is the manufacturer of the chair, or has, at the very least, held itself out to be the manufacturer of the chair for liability purposes.

Third, with regard to plaintiff's argument that he has been prejudiced by defendant's disclosure because the statute of limitations for bringing a claim against Himax has likely run, the court finds plaintiff's argument unpersuasive.  Plaintiff originally filed his complaint in this case on September 17, 2002, nearly two years after the December 7, 2000 accident that led to his claims.  At that time, plaintiff sued only FDL.  Plaintiff did not add defendant to the suit until December 6, 2002, one day before the statute of limitations on his KPLA claims expired.  *See Fennesy v. LBI Mgm't, Inc.*, 847 P.2d 1350, (Kan. App. 1993) (holding that the KPLA has a two-year statute of limitations for a product liability claim).  Thus, any claims that plaintiff had against Himax under the KPLA, as a manufacturer of the chair, would have to have been filed by December 7, 2002.  Accordingly, any argument by plaintiff that it could have added Himax as a defendant, had it been aware of defendant's position that it was not the manufacturer of the chair sooner, fails.  The question of whether defendant was the manufacturer was not posed to defendant until FDL propounded its written discovery on defendant on April 9, 2004, more than a year and a half after the expiration of the statute of limitations.  The court finds that defendant's July 2004 interrogatory response had no bearing on plaintiff's failure to name Himax as a defendant in the case prior to the expiration of the statue of limitations.

Fourth, with regard to plaintiff's argument that he has been prejudiced by the court's prior dismissal of FDL, based on the record at that time, that defendant was the manufacturer, the court again finds plaintiff's argument unpersuasive.  The court found, in its October 25, 2004 Order granting FDL's summary judgment motion, and based on the record before it at that time, that

-9-

defendant manufactured the chair. However, the court is not persuaded that it would have denied FDL's motion even if there was an issue over whether defendant or Himax manufactured the chair at that time. The court dismissed FDL from the case because FDL was able to demonstrate that it was a product seller not liable for plaintiff's product liability claim by establishing the five elements of Kan. Stat. Ann. § 60-3306.[8] Even if Himax was known to be the manufacturer of the chair at that time, the court finds it possible that FDL still could have established the five elements of § 60-3306, and no facts in the record demonstrate otherwise.

Finally, with regard to defendant's motions to designate parties for comparative fault, the court notes that, pursuant to Kansas' law of comparative negligence, Kan. Stat. Ann. § 60-258a, "individual liability of each defendant for payment of damages will be based on proportionate fault . . . ." *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1496 (10th Cir. 1983) (citing *Wilson v. Probst*, 581 P.2d 380, 384 (1978)). "Under the Kansas law of comparative negligence, a defendant has a right to have the fault of all participants in an occurrence measured in one action, and to reduce his or her liability by the amount of fault attributable to the other participants, irrespective of whether they are joined as parties or are immune from liability." *Hefley*, 713 F.2d at 1496; *see also Lawson v. Australian Defense Indus. Ltd.*, 1996 WL 159642, at *1 (D. Kan. Apr. 4, 1996) (finding that "a party asserting a claim under the Kansas comparative-fault statute, K.S.A. 60-258a, may pursue only one action to adjudicate the fault as to everyone whose fault might compared. Such comparison includes the fault of both parties and non-parties.").

---

[8] The five elements of § 60-3306 include: (a) the seller had no knowledge of the defect; (b) the seller could not have discovered the defect in the exercise of reasonable care in performing its duties; (c) the seller was not a manufacturer of the product or product component; (d) the manufacturer of the product is subject to service of process under Kansas law; and (e) a potential judgment against the manufacturer is reasonably certain of being satisfied.

Moreover, Kansas courts interpreting § 60-258a have held that, where multiple parties could be at fault for tort claims and a plaintiff chooses to proceed against only one party on the tort claims, that party will be responsible only for its proportionate share of damages. *Haysville U.S.D. No. 261 v. GAF Corp., et al.*, 666 P.2d 192, 198 (1983) (citing *Ellis v. Union Pac. R.R. Co.*, 643 P.2d 158 (1982)). Accordingly, defendant is entitled, under Kansas law, to compare its fault to any other individual or entity who could be at fault for plaintiff's alleged damages arising from the tort claims, despite the fact that defendant missed the court's deadline for designating parties at fault as is set out in the scheduling order. The court notes that defendant has maintained comparative fault as a defense since the outset of the case.

Thus, the court grants defendant's first motion to designate parties for comparative fault out of time (which was embodied in Doc. 178, defendant's response to plaintiff's first motion for sanctions), and defendant's second motion to file a designation of a non-party at fault out of time (Doc. 212). The court notes that plaintiff is not prejudiced by the court's ruling on this issue. Trial in this matter is not set to occur until July 2006. Plaintiff has been aware of defendant's intent to designate plaintiff and others over whom defendant has no control, including Himax, for comparative fault purposes since at least August 2005, if not before. Plaintiff also was on notice as early as July 2003 that FDL, while it was still a party in the case, had planned to compare at trial the fault of plaintiff, the Brotherhood of Maintenance of Way Employees (plaintiff's employer and the owner of the chair), and any entity that may have modified or repaired the chair.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Sanctions and to Strike Pleadings (Doc. 174) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Rule 7 Disclosure (Doc. 223) is denied as moot, as defendant filed its Rule 7 Disclosure on February 27, 2006.

**IT IS FURTHER ORDERED** that defendant's Motion to Designate Parties for Comparative Fault Out of Time (part of Doc. 178) and defendant's Second Motion to Designate Parties for Comparative Fault (Doc. 212) are granted.  Defendant shall be permitted to compare the fault of plaintiff, the Brotherhood of Maintenance of Way Employees, and Himax at trial.

Dated this 24th day of March 2006, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**