**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TONY WHEELER,

       Plaintiff,

v.                                  No. 02-2444-CM-DJW

NUMARK INDUSTRIES CO., INC.

       Defendant.

**MEMORANDUM AND ORDER**

This is a products liability case involving a defective chair.  Pending before the Court are two interrelated motions.  First, Defendant Numark moves to quash the notices of deposition for FDL employees Strohbol and Rogers and for court custodian of records Ruth Godfrey (doc. 252).  In support of its motion to quash the depositions of FDL employees Strohbol and Rogers, Numark asserts the deposition notices were issued well after the close of discovery.  In support of its motion to quash the deposition of Ruth Godfrey, custodian of records for the Circuit Clerk of Pottowattamie County, Iowa, Numark asserts the deposition date was selected without consulting Numark's counsel.

In response to Numark's Motion,  Plaintiff filed a Motion for Order (doc. 255) to conduct the discovery at issue.  For the reasons stated below, Defendant's Motion for Protective Order will be denied and Plaintiff's Motion to Conduct Discovery will be granted.

## **Relevant Procedural Chronology**

Because of the rather extensive procedural history related to this matter, the Court finds it

helpful to set forth the following chronology of events specifically relevant to the two pending

motions:

- **6/23/05:**  Plaintiff serves first deposition notice for Numark's corporate designee. Deposition does not take place.

- **7/13/05:**  Discovery deadline.

- **8/15/05:**  Numark serves answers to interrogatories served by Plaintiff on June 1, 2005, within which Numark refers to a lawsuit in Pottowattamie County, Iowa.

- **8/31/05:**  Pretrial Order entered (reserves right to take corporate designee depositions).

- **9/20/05**:  Plaintiff serves second deposition notice for Numark's corporate designee. Deposition does not take place.

- **11/17/05**:  Plaintiff serves third deposition notice for Numark's corporate designee. Deposition does not take place.

- **1/5/06**:  Plaintiff serves fourth deposition notice for Numark's corporate designee.

- **1/23/06**:  Numark's corporate designee deposed.

- **2/7/06:**  Numark's corporate designee deposed and he refers to Strohbol and Rogers.

- **5/19/06:**  Plaintiff serves notice of deposition for Strohbol, Rogers, and custodian of records for Pottowattamie County, Iowa.

- **5/19/06**:  Plaintiff/Defendant allegedly agree on date to depose Strohbol and Rogers.

- **5/24/06**  Numark files Motion to Quash

## **Discussion**

As a preliminary matter, the Court notes there is some confusion as to whether Defendant

Numark is seeking to quash subpoenas issued by Plaintiff or whether Defendant is seeking to

prevent the depositions based on the deposition notices served.[1]  If Defendant is seeking to quash

subpoenas served on a third party pursuant to Fed. R. Civ. P. 45, then that rule would apply to its

Motion.   If Defendant is seeking to prevent depositions that are merely noticed, a motion for

protective order pursuant to Fed. R. Civ. P. 26(c) would be more appropriate. Although Defendant

fails to refer to either one of these rules in its Motion, the parties have submitted to the Court copies

of the deposition notices rather than copies of subpoenas; thus, the Court will treat Numark's motion

as a Rule 26 motion for protective order.[2]

Whether to enter a protective order is within the sound discretion of the court.[3]  Fed. R. Civ.

P. 26(c) provides that the court, upon a showing of good cause, "may make any order which justice

requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense." The party seeking a protective order has the burden to show good cause for it.[4]  To

---

[1]In both the caption and body of its motion and memorandum, Defendant indicates it is seeking to "quash" the deposition notices. Notably, "quash" is a term used within Rule 45 with respect to subpoenas.  In the body of its motion and memorandum, however, Defendants refer to deposition notices and not subpoenas.

[2] "Generally speaking, a party does not have standing to quash a subpoena served on a third party." *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n.2 (D. Kan. 2000) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)). An exception is made, however, where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.  *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620 (D. Kan. 1999) (quoting *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995)). Defendant makes no argument that it has a personal right to be protected or that the documents sought in the subpoena are privileged.

[3]*Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995).

[4]*Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D. Kan. 1996).

establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[5]

## A.     Witnesses Strohbol and Rogers

In support of its motion to quash the depositions of FDL employees Strohbol and Rogers, Numark argues the deposition notices were issued well after the close of discovery and there is no reason these depositions could not have been taken prior to the discovery deadline.  Numark further argues that even if the notices had been timely, Plaintiff already has deposed six FDL employees in this lawsuit and any further FDL employee depositions are duplicative.

In response, Plaintiff asserts that Numark's counsel originally consented to, and set dates for, these two depositions but subsequently decided, without explanation, to oppose going forward with them.  Plaintiff further asserts that he only became aware of the existence of these two witnesses, and their connection to the facts of this case, when Defendant produced Numark corporate designee Clifton Lee for deposition on February 7, 2006 – a deposition that took place by agreement of the parties well after the close of discovery due to issues related to available dates and the appropriate location for these depositions.

The discovery deadline in this case was July 13, 2005. The chronology reflects that Plaintiff first issued a notice of deposition for Numark's corporate designee on June 23, 2005.  Numark did not produce its first corporate designee, however, until January 23, 2006.  And, the corporate designee who gave the names of Mr. Strohbol and Mr. Rogers apparently was not available for deposition until February 7, 2006, nearly eight months after the notice from Plaintiff and nearly seven months after the discovery deadline.  Based on this timeline, Plaintiff could not have known

---

[5]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

of these two potential witnesses until after the discovery cut off date, and his request to depose Mr. Strohbol and Mr. Rogers should be considered in light of these facts.

Based on the chronology and the circumstances presented, as well as the fact that Numark originally agreed to the depositions and changed its mind without explanation, the Court finds Numark has failed to establish good cause for a protective order prohibiting these depositions.

**B.     Witness Ruth Godfrey**

Numark objects to the records deposition of Ruth Godfrey on grounds that  this is a discovery deposition that should have been taken during the period for discovery. Numark further objects on grounds that Plaintiff's counsel made no effort to contact counsel for Defendant to arrange a time that was convenient to take this deposition.

In response, Plaintiff argues that Ruth Godfrey is the custodian of records for the Circuit Clerk of Pottowattamie County Iowa and that the purpose of this deposition is to establish foundation for the court file entitled *Laire v. FDL, Inc.*  Apparently, Numark referred to this case in its August 15, 2005 interrogatory answers.

Upon consideration of the facts presented, the Court finds no basis for Numark's conclusory assertion that the Godfrey deposition is being taken by Plaintiff for discovery purposes.  The Court further finds no basis for prohibiting a trial deposition from going forward after the close of discovery.  Accordingly, Numark's request for a protective order with regard to this deposition will be denied. With that said, however, both federal and local rule requires cooperation between the parties with respect to scheduling discovery. Thus, when rescheduling this records deposition, Plaintiff shall consult with Defendant to determine a mutually convenient time.

Based on the discussion above, it is hereby ordered that

- Numark's Motion for Protective Order (doc. 252) is denied; and

- Plaintiff's Motion for Order to Conduct Discovery (doc. 255) is granted and the parties shall meet and confer regarding a mutually convenient time to conduct the discovery depositions of Strohbol and Rogers and the trial deposition of Ruth Godfrey.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 9th day of August, 2006.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties